**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Case No. 1:26-cr-00118-JKB** |
| **SYNERGY MARINE PRIVATE LTD.,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

**MOTION FOR EXCLUSION OF TIME FROM SPEEDY TRIAL ACT COMPUTATION**

The United States of America, by its counsel, submits this Motion for Exclusion of Time from Speedy Trial Act Computations. In support thereof, the Government submits the following:

1.     On April 8, 2026, a federal grand jury returned a sealed Indictment in this matter. The Indictment was unsealed on May 12, 2026.

2.     Defendants Synergy Marine Private Limited and Synergy Maritime Private Limited appeared in this Court for an initial appearance and arraignment on May 22, 2026.

3.     The Government is seeking a Speedy Trial Act computation exclusion from May 22, 2026 to August 24, 2026.

4.     In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

5.     Relevant here, Section 3161(h)(7) excludes from the speedy trial calculation:

(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. . . .

1

(B)The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6.      The foregoing provisions provide multiple bases to exclude the requested time-period under the Speedy Trial Act.

7.      The allegations in the Indictment span from a drydock period for the *M/V Dali* in 2020 through the post-allision investigation by the NTSB and the federal grand jury in 2024 and 2025.  The Indictment charges the Synergy Defendants with eighteen counts, including Conspiracy to Defraud the Coast Guard, violations of the Ports & Waterways Safety Act, Seamans Manslaughter, Obstruction, False Statements, and environmental crimes. The charges relate to multiple Synergy vessels and conduct that occurred in various places around the world.  The Indictment and the allision also involve complex concepts related to marine engineering and marine navigation.

8.      The Government's discovery in this case consists of more than 2 terabytes of material that the Government will begin to produce shortly.  The Government's discovery includes

scanned hard copy documents and data from dozens of electronic devices.  The Government expects that the Synergy Defendants will need time to review the discovery.  The Synergy Defendants will also likely have reciprocal discovery obligations, and the Government will need time to review their discovery.

9.  The parties have not yet had their Rule 16.1 discovery conference.

10.  The parties will need to disclose experts consistent with the provisions of Rule 16(a)(1)(G).  The parties are expected to disclose several experts, and rebuttal expert designations will also be necessary.

11.  Most of the attorneys who have entered their appearance on behalf of the Synergy Defendants are expected to be in a month-long trial beginning on June 1, 2026.

12.  The Court has also scheduled a status conference for the parties on July 8, 2026.

13.  For all of the reasons stated above and for the reasons listed in § 3161(h)(7)(B)(i), (ii), and (iv), the Court should find that the Government has shown that ends of justice outweigh the defendants interest in a 70-day trial, and the Court should exclude from its speedy trial computation the period requested herein.

14.  The Government sought the consent of the counsel for the Synergy Defendants prior to filing this Motion.  Counsel for Synergy stated that they would respond to the written Motion.

WHEREFORE, the Government respectfully requests that the time from May 22, 2026 through August 24, 2026, be excluded from Speedy Trial Act computations in this case.  A proposed order is submitted herewith.

3

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____
Matthew P. Phelps
Bijon Mostoufi
Kimberly Phillips
Assistant United States Attorneys
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
matthew.phelps@usdoj.gov
bijon.mostoufi@usdoj.gov
kimberly.phillips@usdoj.gov

Leigh Rendé
U.S. Department of Justice
Environment and Natural Resources Division
150 M Street, NE
Washington, D.C. 20002
leigh.rende@usdoj.gov

COUNSEL FOR THE UNITED STATES