

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Matthew Phelps*
*Assistant United States Attorney*
*Matthew.Phelps@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4920*
*MAIN: 410-209-4800*
*FAX: 410-962-9947*

June 15, 2026

**(via cm/ecf)**
Hon. James K. Bredar
United States District Judge
United States District Court
District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

> Re: **June 16, 2026 Status Conference**
> ***United States v. Synergy Marine Pte Ltd., et al.*, Case No. 1:26-cr-00118**

Dear Judge Bredar,

The Government is providing this submission to address issues that are likely to arise at the conference on June 16, 2026.

## I.    Proposed Schedule

The Government is requesting that the Court enter a schedule consistent with a trial date that would begin in the fall of 2027.  The Government believes that such a schedule is consistent with the interests of justice, in light of the complexity and scope of the litigation.  The Government proposes the following schedule:

| | |
|---|---|
| Expert Disclosures | November 1, 2026 |
| Rebuttal Disclosures | December 1, 2026 |
| Motion(s) Deadline | January 15, 2027 |
| Response to any Motion(s) | February 15, 2027 |
| Motions Hearing | Spring 2027 |
| *Jencks* Deadline | September 1, 2027 |
| Motions *in Limine* | September 1, 2027 |

| | |
|---|---|
| Pretrial Conference | TBD |
| Trial | October 1, 2027 |

Regardless of whether the Defendants or the Court agree with the schedule outlined above, the Government is requesting that the Court establish a trial date at the June 16th hearing. Doing so will allow the Government to serve witnesses with trial subpoenas. For the reasons explained in the following section, the Government believes that it is critical that any crewmember witness who seeks to travel be served with a subpoena or court order to appear in court.

## II.    Crewmember Witness Issues

Several crewmembers are present in the United States. In or around June of 2024, the U.S. Coast Guard revoked the *M/V Dali*'s permission to depart U.S. waters unless the owners and operators of the *M/V Dali* provided security for the vessel's release. The operator, Synergy Marine Pte Ltd. ("Synergy Marine"), and the owner, Grace Ocean Pte Ltd. ("Grace Ocean"), secured the release of the *M/V Dali* pursuant to a Security Agreement between them and the U.S. Coast Guard. A copy of the Security Agreement is attached as **Exhibit A**. Crewmember names have been redacted for their privacy. The Security Agreement required Synergy Marine and Grace Ocean to post a $3 million bond. Additionally, the Security Agreement required Synergy Marine and Grace Ocean to provide salary, housing, benefits, and a per diem to certain crewmembers who remained present in the United States. The Security Agreement was later amended to include Synergy Maritime Pte Ltd. A second Security Agreement was entered into with respect to the *M/V Maersk Saltoro* and its operator and owner, Synergy Maritime and Argosy Pte Ltd. ("Argosy"), respectively.

The Security Agreements do not require the crewmembers to stay in the United States. Over the last two years, crewmembers have been able to travel to attend to personal matters and to work. Three crewmembers have stayed in the United States since the allision. The crewmembers do not need consent from the Government to travel; however, if the Government objected to any travel, the Government would have the ability to seek a material witness warrant.

Since the Indictment was unsealed, several crewmembers have requested to leave the United States. On June 5, 2026, the Synergy Defendants did not oppose an exclusion of time under the Speedy Trial Act but otherwise demanded a speedy trial. *See* ECF No. 38. In light of the demand, and in the absence of any other schedule, the Government cannot consent to crewmember travel at this time. If the Court enters a schedule similar to what the Government has requested above, then the Government can consider travel requests. Those considerations may also involve seeking authority for Rule 15 depositions. Additionally, the Government is requesting that the Court establish a trial date during the June 16th hearing so that the Government can serve the crewmember witnesses with trial subpoenas. Any request to travel by a crewmember will be considered on an individualized basis; however, the Government will have more flexibility in evaluating travel requests if the crewmember has been served with an order to appear in court. If the Court does not set a trial date at the June 16th hearing, then the Government is requesting that the Court enter an order requiring the crewmember witnesses to appear in Court on a date certain.

Very truly yours,

Kelly O. Hayes
United States Attorney

Matthew P. Phelps
Assistant United States Attorney