**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Case No. 1:26-cr-00118-JKB** |
| **SYNERGY MARINE PRIVATE LTD.,** ***et al.*****,** | * | |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**MOTION FOR EXCLUSION OF TIME FROM SPEEDY TRIAL ACT COMPUTATION**

The United States of America, by its counsel, submits this Motion for Exclusion of Time from Speedy Trial Act Computations pursuant to 18 U.S.C. § 3161(h). In support thereof, the Government submits the following:

1. On April 8, 2026, a federal grand jury returned a sealed Indictment in this matter. The Indictment was unsealed on May 12, 2026. (ECF No. 8).

2. Defendants Synergy Marine Private Limited and Synergy Maritime Private Limited ("Synergy Defendants") appeared in this Court for an initial appearance and arraignment on May 22, 2026. (ECF Nos. 30-34).

3. On June 24, 2026, a federal grand jury returned a Superseding Indictment in this matter. (ECF No. 50).

4. On July 31, 2026, the Synergy Defendants appeared in this Court for an initial appearance and arraignment on the Superseding Indictment. (ECF Nos. 70-71, *see also* Paperless Notice of Hearing docketed on July 22, 2026).

5. On August 20, 2026, the Court issued an order excluding May 22 through November 20, 2026, from the Speedy Trial Act computation in this matter. (ECF No. 82).

6. The Government is seeking a Speedy Trial Act computation exclusion from November 20, 2026 through June 1, 2027.

7. In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

8. In relevant part, Section 3161(h)(7) excludes from the speedy trial calculation:

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. . . .
>
> (B)The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. The foregoing provisions provide multiple bases to exclude the requested time-period under the Speedy Trial Act.

10. The allegations in the Superseding Indictment span from a drydock period for the *M/V Dali* in 2020 through the post-allision investigation by the NTSB and the federal grand jury in 2024 and 2025. The Superseding Indictment charges the Synergy Defendants with eighteen counts, including Conspiracy to Defraud the Coast Guard, violations of the Ports & Waterways Safety Act, Seamans Manslaughter, Obstruction, False Statements, and environmental crimes. The charges relate to multiple Synergy vessels and conduct that occurred in various places around the world. The Superseding Indictment and the allision also involve complex concepts related to marine engineering and marine navigation.

11. Pursuant to Rules 16 and 16.1 of the Federal Rules of Criminal Procedure, and Local Standing Order 2020-01, the Government and counsel conferred on June 12, 2026.

12. This Court held an in-court status and scheduling conference on June 16, 2026, and set deadlines for the case by Scheduling Order two days later. (ECF No. 45). Acknowledging the complexity of this case during the status conference, the Court scheduled a seven-week jury trial beginning on October 4, 2027. (*See id.*).

13. The Government's discovery in this case consists of more than 5 terabytes of material. The Government's discovery includes scanned hard copy documents and data from dozens of electronic devices. To date, the Government has produced over 5.3 terabytes of data to the Synergy Defendants. Productions will continue on a rolling basis, with another production scheduled shortly. The Government expects that the Synergy Defendants will need time to review the discovery. The Government has requested, but not yet received, reciprocal discovery from the Synergy Defendants and will likely need time to review discovery produced by Synergy.

14. The parties will need to disclose experts consistent with the provisions of Rule 16(a)(1)(G). The parties are expected to disclose several experts, and rebuttal expert designations

will also be necessary. The Scheduling Order originally called for the Government to disclose experts on October 15, 2026, and the Synergy Defendants to make their disclosures on November 1, 2026, with both parties' rebuttals due December 1, 2026. (ECF No. 45). However, on September 25, 2026, the Synergy Defendants requested that these deadlines be modified to April 15, 2027, May 3, 2027, and June 1, 2027, respectively. (ECF No. 93). This Court granted the Synergy Defendants' request on September 29, 2026. (ECF No. 94).

15. There is no dispute amongst the parties that this trial will feature significant expert testimony, that multiple disclosures pursuant to Rule 16(a)(1)(G) will be made, and that those disclosures are necessary for the parties to be able to put forth their respective cases. Considering Synergy's request to move those disclosures to 2027, the Government is requesting an exclusion of time through the completion of the expert disclosure deadlines proposed by Synergy, June 1, 2027.

16. An independent basis for exclusion also exists under § 3161(h)(1)(D), which excludes from Speedy Trial computation any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the haring on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

17. On July 2, 2026, Defendants filed a Motion for Bill of Particulars (ECF No. 57). On July 16, 2026, three crewmembers filed a motion seeking an order directing that the parties take their depositions pursuant to Federal Rule of Criminal Procedure 15 such that they can be discharged. (ECF No. 61). On August 13, 2026, the Government filed a Motion for Hearing. (ECF No. 75). These motions are all fully briefed and are awaiting adjudication.

18. For all of the reasons stated above and for the reasons listed in § 3161(h)(7)(B)(i), (ii), and (iv), and (h)(1)(D), the Court should find that the Government has shown that ends of

justice outweigh the defendants' interest in a 70-day trial, and the Court should exclude from its speedy trial computation the period requested herein.

19. The Government communicated with defense counsel about this Motion, and the Defendants will file a response to the Motion.

WHEREFORE, the Government respectfully requests that the time from November 20, 2026, through June 1, 2027, be excluded from Speedy Trial Act computations in this case. A proposed order is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _________/s/___________
Matthew P. Phelps, No. 17933
Kimberly S. Phillips, No. 811611
Assistant United States Attorneys
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
matthew.phelps@usdoj.gov
kimberly.phillips@usdoj.gov

Adam R. F. Gustafson
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division

By: _________/s/___________
Leigh P. Rendé
(PA Bar No. 203452)
United States Department of Justice
Environmental Crimes Section
150 M Street, NE
Washington, D.C. 20002
(202) 532-3344
leigh.rende@usdoj.gov

COUNSEL FOR THE UNITED STATES