**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | **Case No. 1:26-cr-00118-JKB** |
| **SYNERGY MARINE PRIVATE LTD., *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**<u>JOINT MOTION TO SEAL</u>**

Pursuant to this Court's Memorandum Opinion and Order (ECF No. 95), the United States and the Synergy Defendants, by their undersigned counsel, respectfully request that the Court enter an order sealing certain exhibits and redacting limited portions of the Government's Motion for Hearing filed by the United States on August 13, 2026, ECF No. 75, Synergy Defendants' Opposition filed on September 10, 2026, ECF No. 85, the Government's Reply, filed on September 24, 2026, ECF No. 91, and the exhibits thereto.

To seal an application, the government must demonstrate that: (1) there is a compelling government interest requiring materials to be kept under seal and (2) there is no less restrictive means, such as redaction, available. *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584, 587 (D. Md. 2004). The procedures for sealing are set forth in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989). "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing . . . ." *Id.* The parties are generally seeking sealing and redaction for two reasons: (1) grand jury secrecy; and (2) maintaining confidentiality over the identities of an uncharged co-conspirator.

**A. Request sealing/redaction to preserve grand jury secrecy pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure**

"Grand jury proceedings are generally secret." *United States v. Powers*, 770 F. App'x 48, 48 (4th Cir. 2019) (per curiam). One purpose of grand jury secrecy is "to preserve the freedom and integrity of the deliberative process." *United States v. Rosen*, 471 F. Supp. 2d 651, 654 (E.D. Va. 2007) (quoting *In Re Grand Jury Subpoena*, 920 F. 2d 235, 241 (4th Cir. 1990)). The Government is not to reveal the "strategy or direction of a grand jury investigation." *Id.* (citations omitted). Additionally, "[a] primary purpose of Rule 6 is to protect the unindicted . . . ." *Finn v. Schiller*, 72 F.3d 1182, 1189 (4th Cir. 1996). There is ordinarily no legitimate governmental interest served by the government's public allegation of wrongdoing by an uncharged party. *In re Smith*, 656 F.2d 1101, 1106-07 (5th Cir. 1981). Courts have applied this reasoning to preclude the public identification of unindicted parties in plea hearings, sentencing memoranda, and other government pleadings. *Finn*, 72 F.3d at 1189; *see also United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975); *United States v. Anderson*, 55 F. Supp. 2d 1163 (D. Kan. 1999); *United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998).

Here, the parties are requesting that the Court redact the first two paragraphs of Section II.A.ii of its Reply Brief (ECF No. 91) and seal the exhibits cited in those paragraphs, Exhibits N, O, P, and Q (ECF Nos. 91-3, 91-4, 91-5, 91-6). Those two paragraphs and the exhibits thereto relate to privilege logs and communications about privilege assertions with respect to documents subpoenaed by the grand jury. Disclosure of those paragraphs and documents would give insight into the scope and breadth of the grand jury's investigation and the subject matters investigated by the grand jury. Such disclosure could compromise the integrity of the grand jury's investigation, and cause any witness to be concerned about the secrecy of their participation in the grand jury.

Those documents also identify numerous individuals who are uncharged targets, subjects, or witnesses, whose identities should not be publicly disclosed.

**B. Request to redact the identity of Technical Superintendent 2**

The parties are further requesting that the identity of Technical Superintendent 2 ("TS 2") be redacted from all filings. TS 2 was the Technical Superintendent of the *M/V Maersk Saltoro* and the *M/V Cezanne*, and his identity has not been disclosed in any filing in this case.

Similar to the case law related to the grand jury secrecy, the U.S. Department of Justice Manual instructs, "[i]n all public filings and proceedings, federal prosecutors should remain sensitive to the privacy and reputation interests of uncharged parties." U.S. Dep't of Justice, Justice Manual 9-27.760 (2024); *see also* Justice Manual 9-16.500 (2014) ("In the absence of some significant justification, it is generally not appropriate for a United States Attorney to identify (either by name or unnecessarily-specific description), or cause a defendant to identify, a third-party wrongdoer unless that party has been officially charged with the misconduct at issue."); Justice Manual 9-11.130 (2018) ("[F]ederal prosecutors generally should not identify unindicted co-conspirators in conspiracy indictments."). The interest in secrecy is not eliminated "merely because the grand jury has ended its activities." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). Thus, the Parties request that the Court permit modest redactions of their filings and exhibits to conceal the identity of TS 2.

To summarize, the parties are requesting sealing and/or redaction of the following documents:

| ECF No. | Description | Action | Basis |
|---|---|---|---|
| 75-5 | Exhibit E to Gov't Motion | Redacted | TS 2 |
| 75-8 | Exhibit H to Gov't Motion | Redacted | TS 2 |

| | | | |
|---|---|---|---|
| 75-9 | Exhibit I to Gov't Motion | Redacted | TS 2 |
| 75-10 | Exhibit J to Gov't Motion | Redacted | TS 2 |

| ECF No. | Description | Action | Basis |
|---|---|---|---|
| 88-1 | Declaration of William R. Bennett, III | Redacted | TS 2 |
| 88-2 | Exhibit 1 | Redacted | TS 2 |
| 88-3 | Exhibit 2 | Redacted | TS 2 |
| 88-4 | Declaration of Alan M. Weigel | Redacted | TS 2 |

| ECF No. | Description | Action | Basis |
|---|---|---|---|
| 90-2 | Exhibit 2 to Def. Supplement | Redacted | TS 2 |

| ECF No. | Description | | Basis |
|---|---|---|---|
| 91 | Gov't Reply Brief | Redacted | Rule 6(e) |
| 91-2 | Exhibit M | Redacted | TS 2 |
| 91-3 | Exhibit N | SEALED | Rule 6(e) |
| 91-4 | Exhibit O | SEALED | Rule 6(e) |
| 91-5 | Exhibit P | SEALED | Rule 6(e) |
| 91-6 | Exhibit Q | SEALED | Rule 6(e) |

For the foregoing reasons, the Parties request that the Court seal and permit the redaction of the documents discussed herein. Significantly, the limited sealing and redaction requested herein will result in the public disclosure of sufficient material to satisfy the public's First Amendment rights.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _________/s/___________
Matthew P. Phelps, No. 17933
Kimberly S. Phillips, No. 811611
Assistant United States Attorneys
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
matthew.phelps@usdoj.gov
kimberly.phillips@usdoj.gov

Adam R. F. Gustafson
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division

By: _________/s/___________
Leigh P. Rendé
(PA Bar No. 203452)
United States Department of Justice
Environmental Crimes Section
150 M Street, NE
Washington, D.C. 20002
(202) 532-3344
leigh.rende@usdoj.gov

COUNSEL FOR THE UNITED STATES

BLANK ROME LLP
s/Luke M. Reid
Luke M. Reid (Federal Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com
Thomas H. Belknap, Jr.*
Thomas.Belknap@blankrome.com
Alexandra Clark*

Alexandra.Clark@blankrome.com
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

Kierstan L. Carlson*
Kierstan.Carlson@blankrome.com
Emma C. Jones*
Emma.Jones@blankrome.com
1825 Eye St. NW
Washington, DC 20006
202-420-2200

Joseph G. Poluka*
Joseph.Poluka@blankrome.com
130 N. 18th Street
Philadelphia, PA 19103
215-569-5500

*Admitted pro hac vice

Counsel for Defendants Synergy Marine Private Ltd. and Synergy Maritime Private Ltd.