# Exhibit 1

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Matthew Phelps*
*Assistant United States Attorney*
*Matthew.Phelps@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4920*
*MAIN: 410-209-4800*
*FAX: 410-962-9947*

June 16, 2026

(via email)
Joseph G. Poluka
William R. Bennett, III
Luke Reid
Kierstan Carlson
Emma Jones
Alexandra Clark
Blank Rome LLP
joseph.poluka@blankrome.com
william.bennett@blankrome.com
luke.reid@blankrome.com
kierstan.carlson@blankrome.com
emma.jones@blankrome.com
alexandra.clark@blankrome.com

**Re:** ***United States v. Synergy Marine Pte Ltd., et al.*, Case No. 1:26-cr-00118-JKB**
**Potential Conflicts of Interest**

Dear Counsel,

As a follow-up to our June 11th call with Mr. Poluka, we are writing to raise potential conflict of interest concerns in Blank Rome's representation of the Synergy Defendants that may impact your clients' Sixth Amendment right to conflict-free counsel and may also jeopardize any conviction in this case. As explained below, Blank Rome is a witness to many of the charged false statements and acts of obstruction alleged in the Indictment. Further, the Government has an obligation to raise potential conflicts of interest with the court as early as possible. *See United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991). After you have had an opportunity to review our concerns, please provide your position and feedback so that we can determine what, if anything, may need to be raised with the court.

## I. BLANK ROME WAS A WITNESS TO CHARGED CRIMES

"An attorney acts as an unsworn witness when his relationship to his client results in his having first-hand knowledge of the events presented at trial." *United States v. Locascio*, 6 F.3d 924, 933 (2d Cir. 1993); *United States v. Brodnik*, 710 F. Supp. 2d 526, 541 (S.D.W.Va. 2010). "When faced with an attorney as a sworn or an unsworn witness, the proper recourse is to disqualify the attorney, not to exclude the testimony." *Brodnik*, 710 F. Supp. 2d at 562 (quoting

*United States v. Kliti*, 156 F.3d 150, 156 (2d Cir. 1998)). "Even if the attorney is not called, however, he can still be disqualified, since his performance as an advocate can be impaired by his relationship to the events in question." *Locasio*, 6 F.3d at 933.

**A. Blank Rome represented Karthik Nair during his NTSB interview.**

The Indictment alleges that Karthik Nair ("Mr. Nair") provided false testimony to the National Transportation Safety Board ("NTSB") during his interview on May 29, 2024. ECF No. 1 at 38. Specifically, the Indictment alleges that Mr. Nair falsely told the NTSB that he was unaware of the "operational" use of the flushing pump on the *M/V Dali*. *Id.* ¶ 2.b. The Indictment also alleges that Mr. Nair provided false testimony with respect to fuel consumption. *Id.* ¶ 2.a. The Indictment further alleges that Mr. Nair falsely told the NTSB that the vacuum circuit breakers on the *M/V Dali* were inspected in drydock in 2020. *Id.* ¶ 2.c. Blank Rome attorney Alan Weigel represented Mr. Nair during the interview. Mr. Weigel is a witness to the charged acts of obstruction. Additionally, any discussions between Mr. Nair and Mr. Weigel about the flushing pump or the electrical certificates may be discoverable under the crime-fraud exception of the attorney-client privilege, and any statements made by Mr. Nair to Mr. Weigel about the flushing pump may be admitted as evidence at trial. *See In re Grand Jury Proceedings #5 Empanelled January 28, 2004*, 401 F.3d 247, 251 (4th Cir. 2005) (*citing ln re Grand Jury Subpoena*, 884 F.2d 124, 127(4th Cir. 1989)) (explaining the crime-fraud exception to the attorney client privilege).

The Government's concern is exacerbated by the uncertainty of Mr. Nair's defense. Mr. Nair's defense, which may involve the advice of counsel or a good faith reliance on counsel, could further involve Mr. Weigel as a witness. An advice of counsel defense will also waive any privilege, and Blank Rome attorneys can be called as witnesses. *See Teal Bay Alls., Inc. v. Southbound One, Inc.*, 2014 WL 1630211, at *2 (D. Md. Apr. 21, 2014) (citing *Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156, 1163 (9th Cir. 1992)).

We are aware that Mr. Weigel has not entered his appearance in the case; however, the concerns identified above would be equally applicable to any Blank Rome attorney who met with Mr. Nair in advance of his NTSB interview. Any such attorney is likewise a witness, statements by Mr. Nair to any such attorney may be discoverable, and any advocacy at trial by such an attorney amounts to statements of an unsworn witness. Further, any attorney's performance as an advocate may be impaired by that attorney's involvement in the events at issue.

**B. Blank Rome represented [redacted] during his interview and during his deposition in the limitation of liability action.**

The Indictment alleges that [redacted] provided false testimony to the NTSB during an interview on May 30, 2024, where he was also represented by Mr. Weigel. ECF No. 1, ¶ 113.r. Specifically, the Indictment alleges that [redacted] falsely told the NTSB that he was unaware that the *M/V Cezanne* and *M/V Maersk Saltoro* had used the flushing pump as continuous supply source prior to the allision. *Id.* For the same reasons identified above, Mr. Weigel and any other attorney who met with [redacted] in advance of his interview may have a conflict of interest.

[redacted] reiterated his false testimony to the NTSB during his deposition in the limitation of liability action on June 27, 2025. *See* [redacted] Dep. Trans. at 142. Blank Rome attorney Bill Bennett represented [redacted] during the deposition. Although [redacted] deposition is not a charged event in the Indictment, his testimony during the deposition is evidence. As such, Mr. Bennett is a witness to that event, and any conversations between [redacted] and Mr. Bennett or any other Blank Rome attorney may be discoverable. Any advocacy by Mr. Bennett as to the truthfulness of [redacted] on the issue of the flushing pump would amount to testimony from an unsworn witness. Mr. Bennett's advocacy may also be impaired by his involvement in the deposition and any preparation for the deposition. The same is true for any attorney who met with or prepared [redacted] for his deposition.

### C. Blank Rome transmitted the false electrical certificates to the Grand Jury.

The Indictment alleges that the Defendants submitted and caused to be submitted false electrical certificates for the *M/V Dali*, *M/V Maersk Saltoro*, and *M/V Cezanne*, to a federal grand jury in Baltimore, Maryland. ECF No. 1, 32-33, ¶¶ 113.dd, 113.ee. For the reasons stated above, any Blank Rome attorney who met Mr. Nair or [redacted] and discussed the electrical certificates is a witness and may have a conflict of interest.

### D. Blank Rome was likely involved in the transmission of the false electric certificates to the NTSB.

The Indictment alleges that the Defendants submitted false electrical certificates for the *M/V Dali* to the NTSB. ECF No. 1 at 32, ¶ 113.cc. The Government is aware that the documents were not transmitted directly from Blank Rome to the NTSB. Synergy, however, was represented by Blank Rome when the electrical certificates were transmitted to the NTSB, and the Government expects that the collection of the electrical certificates for the NTSB, for the grand jury, and for the civil litigation was likely the same collection process. If the process of gathering the electrical certificates for the NTSB was the same process as to the grand jury, then the conflict issues identified in the previous section are relevant here.

### E. Blank Rome produced false Chief-Engineer's Open-Up Inspection certificates for the fuel supply and booster pumps servicing generators 3 and 4.

The Indictment alleges that Chief-Engineer 2 ("CE 2"), who is Sanjeewa Yappa, created or caused to be created false Open-Up Inspection certificates for the fuel supply and booster pumps servicing generators 3 and 4. ECF No. 1 at 27, ¶ 113.a. Although the production of these documents were not separately charged in the Indictment, Blank Rome nevertheless produced these false certifications to the grand jury. For all of the reasons stated above, Blank Rome may have a conflict of interest.

## II. CONCLUSION

The Government is concerned that any conviction based on the current record could be subject to attack on appeal. Please provide your position on the conflicts of interest identified above as soon as possible.

Very truly yours,

Kelly O. Hayes
United States Attorney

Matthew P. Phelps
Assistant United States Attorney

CC: Leigh Rende, ECS